# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE MAYNARD, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 2:24-cv-2649-SHL-atc |
| | ) |
| I SQUARE MANAGEMENT, LLC and | ) |
| HS HIEX HOTEL, LLC, | ) |
|    Defendants. | ) |

**ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER DEADLINES**

Defendants seek to extend most of the remaining deadlines in the scheduling order. (ECF No. 28.) After Plaintiff disclosed her experts on May 2, Defendants decided that they needed to perform their own independent medical examination of Plaintiff so that they could respond to her experts' opinions and claimed future economic damages, which exceed half a million dollars. (Id. at PageID 97–98.) Defendants consulted with a Memphis orthopedic surgeon,[1] but he is unable to perform the IME until late June. (Id. at PageID 98.) Despite working diligently to find an alternative physician, they have been unable to do so. (Id. at PageID 98.) Once the IME is performed, the performing physician will need time to prepare his or her report, and Defendants cannot serve their expert disclosures until that is completed. (Id.) Defendants' current deadline to disclose experts is June 2, 2025. (Id.)

Plaintiff opposes Defendants' request. (ECF No. 29.) She asserts that there is no good cause for the extension because Defendants delayed scheduling the IME—it was not requested until six days after Plaintiff disclosed experts, and no proposed dates for the examination have

---

[1] Plaintiff lives in High Point, North Carolina. (ECF No. 28 at PageID 98.) Defendants are unaware of any orthopedic surgeons or other qualified experts who live in or near the Plaintiff. (Id.)

been provided yet. (Id. at PageID 103.) Plaintiff also argues that Defendants' proposed deadlines would create a very tight window within which to conduct expert depositions. (Id.)

The Court is sympathetic to Plaintiff's concerns, but there is no evidence that Defendants have unduly delayed pursing an IME. They requested it six days after Plaintiff disclosed her experts, and two of those days were Saturday and Sunday. (Id.) It is likely that Defendants have yet to propose specific dates for the IME because they are still looking for a physician who could perform it sooner. But more importantly, the Court previously extended the expert-related deadlines so that Plaintiff's own expert would have time to perform the same kind of examination that Defendants seek to perform now. (See ECF No. 25.) What is good for the goose is good for the gander. To the extent that the extension results in a scheduling crunch, that crunch is also due in part to Plaintiff's own need for more time. Most of Defendants' proposed deadlines match the deadlines proposed by the parties in their first motion for an extension, and some are even shorter.

A court may only extend scheduling order deadlines for "good cause." Fed. R. Civ. P. 16(b)(4). For good cause shown, Defendants' motion is **GRANTED**, and their proposed dates are adopted as shown below.

    **COMPLETING ALL DISCOVERY:** August 8, 2025

        **SUPPLEMENTATION PURSUANT TO RULE 26(e)(1):** August 8, 2025

        **DEPOSITIONS, EXCLUDING EXPERT EVIDENTIARY DEPOSITIONS/MEDICAL PROOF:** August 8, 2025

        **EXPERT WITNESS DISCLOSURES (Rule 26):**

            **DISCLOSURE OF REBUTTAL RULE 26 EXPERT INFORMATION:** July 7, 2025

            **EXPERT WITNESS DEPOSITIONS:** August 8, 2025

**EXPERT WITNESS EVIDENTIARY DEPOSITIONS,[2]
INCLUDING MEDICAL PROOF, IF APPROVED BY THE COURT:**
August 25, 2025

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** September 8, 2025

**FILING DISPOSITIVE MOTIONS:** September 8, 2025

The trial related deadlines remain the same. The proposed schedule will result in the parties receiving rulings on their motions to exclude experts and dispositive motions on the eve of trial. Both parties are cautioned against asking for another extension absent extraordinary circumstances.

**IT IS SO ORDERED,** this 23rd day of May, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The parties must remember that it is the Court's decision as to whether to allow evidentiary depositions to be used at trial in place of live testimony for those witnesses, including doctors, who are within the subpoena power of the Court.